MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ANDREW S. HUANG (CSBN 193730)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:  (510) 637-3680
    Facsimile:  (510) 637-3724
    E-Mail:  Andrew.Huang@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 12-00182 PJH |
|     Plaintiff, ) | |
| ) | **UNITED STATES' CONSOLIDATED** |
| v. ) | **SENTENCING MEMORANDUM** |
| ) | |
| BALVINDER SINGH CHADHA and ) JASPINDER KAUR CHADHA, ) | |
|     Defendants. ) | |

**I.    INTRODUCTION**

On April 4, 2012, defendant Balvinder Chadha, pursuant to his plea agreement with the government, pleaded guilty charges of wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to willfully violate the federal conflict of interest statute (18 U.S.C. §§ 208 and 216), in violation of 18 U.S.C. § 371. On March 28, 2012, defendant Jaspinder Chadha pleaded guilty to the same conspiracy charge. By this Memorandum and pursuant to the plea agreements executed by the parties, the government respectfully joins in the United States Probation Office's recommendation that the Court sentence the defendants as follows:

•     Defendant Balvinder Chadha: a 51-month term of imprisonment; followed by three years of supervised release; no fine; an order to pay $4,432,156.82 in

restitution (to be jointly and severally liable with co-defendant Jaspinder Chadha); a $6,434,469.19 forfeiture money judgment; and a $100 special assessment.

- Defendant Jaspinder Chadha: a three-year term of probation, which includes a special condition three months be served as home confinement; no fine; an order to pay $4,432,156.82 in restitution (to be jointly and severally liable with co-defendant Balvinder Chadha); and a $100 special assessment.

## II.     SUMMARY OF PERTINENT FACTS

From July 2005 through August 2009, Balvinder Chadha headed a company known as Golden Pacific Logistics, Inc. ("GPL"). Balvinder Chadha and his wife, Jaspinder Chadha, were also investors in GPL. At the same time, Balvinder Chadha served as a manager of Postal Vehicle Service ("PVS") Operations for the United States Postal Service ("USPS") based in Oakland, California. GPL had one purpose: to obtain truck leasing contracts from the USPS, specifically, contracts serving Balvinder Chadha's PVS Operations.

Balvinder Chadha occupied a position of trust within USPS that included making contract requests, managing relationships with contractors, and participating in the approval process for contract payments. Both Balvinder Chadha and his wife, Jaspinder Chadha, understood that Balvinder Chadha was ethically prohibited, as an USPS employee, from participating in any contracts in which he or Jaspinder Chadha had a financial interest. Despite this ethical prohibition, Balvinder Chadha nominated and endorsed GPL for a truck leasing contract with USPS and proceeded to participate in the management and execution of the contract, including portions of payment approval process. As a result, USPS paid GPL approximately $6,434,469.19 on their contract, including modifications and extensions, over a four-year period.

Beyond violating his ethical obligations, Balvinder Chadha also used the contract to perpetrate a substantial fraud on USPS. Balvinder Chadha prepared and submitted fraudulent invoices, or directed others to do so, on behalf of GPL. These invoices overstated the number of trucks that were leased to USPS, grossly exaggerated the miles incurred by the trucks, and

sought reimbursement for service and maintenance costs that were not authorized under the contract. As the USPS manager responsible for receiving the goods and services under USPS' contract with GPL, Balvinder Chadha "verified" the receipt of goods and services and helped approve payments on the contract. The USPS Office of Inspector General was able to conservatively document and calculate that at least $4,432,156.82 of the $6,434,469.19 in payments to GPL were fraudulent.

Jaspinder Chadha assisted her husband in many GPL-related activities. Although she was not privy to the inner workings of USPS and was plausibly ignorant of many aspects of the truck leasing fraud, she actively assisted her husband in violating his ethical obligations. Among other things, she instructed GPL's sole employee, a relatively young office manager, to not mention Balvinder Chadha's involvement with GPL, she directed the manager on how to send GPL invoices to USPS in a manner that would suggest no connection between GPL and Balvinder Chadha, and directed fellow GPL investors, family members, and friends not to mention Balvinder Chadha when discussing GPL with others.

GPL operations and its contract with USPS ceased upon execution of a federal search warrant in August 2009.

### III.  GUIDELINES CALCULATIONS

The government concurs with the Probation Office's Sentencing Guidelines calculations. Both defendants have no criminal history and are, therefore, Category I. Balvinder Chadha garners a total offense level of 24, which yields a Guidelines range of 51 to 63 months. Jaspinder Chadha garners a total offense level of eight, which results in a Guidelines range of zero to six months, which falls within Zone A of the Guidelines' Sentencing Table.

### IV.  CONSIDERATION OF FACTORS UNDER 18 U.S.C. § 3553(a)

Title 18, United States Code, Section 3553(a) requires the Court "to impose a sentence sufficient, but not greater than necessary" to, *inter alia*, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" in addition to protecting the public, affording adequate deterrence, and providing the defendant with necessary corrective treatment. In achieving a just sentence, a court is to consider these goals in addition to

factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.*

Here, defendant Balvinder Chadha stands convicted of not only using his position of public trust for personal gain, but further abusing that position by defrauding the public of over $4.4 million. There is no dispute that Balvinder Chadha initiated and directed both the conspiracy to violate his ethical obligations and the scheme to defraud the USPS. Although the scheme to defraud required the involvement of others, knowingly or unknowingly, Balvinder Chadha, as the only intersection between GPL and USPS, appears to have controlled and undertaken much of the fraudulent conduct himself. Moreover, he was uniquely positioned to obscure his own criminal activities from his fellow GPL investors, family, and friends, rendering it difficult to assess or prove whether these other individuals were also criminally culpable.

The PSR accurately identifies Balvinder Chadha's sole motivation: greed. A 51-month sentence, which is at the low end of the defendant's Guidelines range, reflects the gravity of his crimes and the need to promote deterrence and respect for the law, *see* 18 U.S.C. § 3553(a)(2)(A), while taking into account the defendant's nature and characteristics, *see id.* at § 3553(a)(1). Although he has never served any custodial time prior to this case, Balvinder Chadha warrants this sentence given his brazen abuse of the public's trust and the scale of the fraud he perpetrated. On balance, the nature of the offense and the defendant's history and characteristics do not justify any variance from his calculated Guidelines range.

Conversely, defendant Jaspinder Chadha is significantly less culpable than her husband. She was complicit in his violation of the public trust given her full understanding that Balvinder Chadha should not have been self-dealing and the steps she took to shield his and her involvement in GPL from outsiders. Beyond the flagrant disregard for Balvinder Chadha's ethical obligations, however, it is difficult to assess how knowledgeable Jaspinder Chadha was of the larger fraud her husband perpetrated. Although she certainly had some idea that her husband was not dealing honestly with USPS, Jaspinder Chadha did not appear to be privy to the terms of the GPL-USPS contract, the number of actual trucks GPL owned, and the details of what could or could not be billed. While she temporarily enjoyed some of the fruits of their ill

gotten gains, Jaspinder Chadha probably did not have the requisite "meeting of the minds" to be a co-conspirator with her husband, especially in light of the efforts he undertook to shield others, including fellow investors and family members, from the details of his scheme.

In light of Jaspinder Chadha's nature and background, as documented in the Sentencing Recommendation portion of her PSR, and her role in the offense, the parties' proposed sentence for Jaspinder Chadha of three years of probation, to include three months of home confinement, properly accounts for the factors enumerated under 18 U.S.C. § 3553. There is no dispute that Balvinder Chadha was the initiator of the scheme and that the ethical obligations that were violated were his to maintain. Although Jaspinder Chadha undoubtedly bears responsibility for her actions, those actions were, by all accounts, at the behest of Balvinder Chadha. A felony conviction along with a probationary sentence that includes a period of home detention should be sufficient, but not more than necessary to, *inter alia*, promote respect for the law, provide adequate deterrence, and protect the public from future crimes by Jaspinder Chadha. The probationary sentence is fully available under the Sentencing Guidelines for Guidelines ranges, such as Jaspinder Chadha's, that fall within Zone A of the Sentencing Table. *See* 18 U.S.C. § 3553(a)(3) & (a)(4); U.S.S.G. § 5B1.1(a)(1). Moreover, as a corollary to the directive that sentences "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *see* 18 U.S.C. § 3553(a)(6), the disparity between Jaspinder Chadha's and Balvinder Chadha's sentences would reflect their distinctly dissimilar levels of conduct and relative culpability.

**V.    JASPINDER CHADHA's REQUEST TO TRAVEL**

Counsel for Jaspinder Chadha has communicated a family medical need to travel to India during Jaspinder Chadha's probationary period. Given Jaspinder Chadha's ties to the community, the government does not object to defendant traveling for such a purpose, provided the travel details, including the proposed itinerary, have been pre-approved by the Probation Office.

**VI.    CONCLUSION**

For the reasons stated herein, the government requests that the Court sentence the defendants as follows:

- Defendant Balvinder Chadha: a 51-month term of imprisonment; followed by three years of supervised release; no fine; an order to pay $4,432,156.82 in restitution (to be jointly and severally liable with co-defendant Jaspinder Chadha); a $6,434,469.19 forfeiture money judgment; and a $100 special assessment.
- Defendant Jaspinder Chadha: a three-year term of probation, which includes a special condition three months be served as home confinement; no fine; an order to pay $4,432,156.82 in restitution (to be jointly and severally liable with co-defendant Balvinder Chadha); and a $100 special assessment.

DATED:   October 17, 2012          Respectfully submitted,

                                              MELINDA HAAG
                                              United States Attorney

                                              /s/
                                              ANDREW S. HUANG
                                              Assistant United States Attorney