UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>BALVINDER SINGH CHADHA,<br>　　　　Defendant. | Case No. 12-cr-00182-PJH-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Doc. No. 46 |

　　　　Before the court is the motion of defendant Balvinder Singh Chadha, appearing pro se, for early termination of supervised release pursuant to 18 U.S.C. § 3583(e).  The court determines that the matter is suitable for decision without response from the government and without oral argument.  Chadha's motion for early termination of supervised release is DENIED for the reasons set forth below.

　　　　On April 4, 2012, Chadha entered a guilty plea, pursuant to a Rule 11(c)(1)(C) written plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of conspiracy to willfully violate the federal conflict of interest statute (18 U.S.C. §§ 208 and 216), in violation of 18 U.S.C. § 371.  On October 24, 2012, the court sentenced Chadha to a term of imprisonment of 51 months; supervised release for a term of three years; special assessment of $200; restitution (jointly and severally liable with co-defendant Jaspinder Chadha) in the amount of $4,432,156.82; and a forfeiture money judgment for $6,434,469.19.  Doc. no. 32.  Chadha represents that he was released from BOP custody to the supervision of the United States Probation Office on November 2, 2015, and has completed 28 months of his 36-month term of supervised release.  Doc.

no. 46 at 2.  He now seeks early termination of supervised release.

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."  *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).  After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  "'Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'"  *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).

Chadha contends that early termination of supervised release is warranted by his compliance ever since his release from custody and the interests of justice.  He contends that early termination is supported by the 18 U.S.C. § 3553(a) sentencing factors that are to be considered for early termination of supervised release under § 3583(e), arguing that he presents a low risk of recidivism given his age and the fact that he had zero criminal history points at the time of sentencing.  The court considered that Chadha had no prior criminal convictions and had a Criminal History Category I in setting the sentencing guideline range and imposing a low-end sentence.

In considering the relevant § 3553(a) factors on Chadha's motion for early termination, the court finds that Chadha has not demonstrated changed circumstances

that would render the term of supervised release either too harsh or inappropriately tailored to serve the penological objectives and policies of § 3553(a).  *See Miller*, 205 F.3d at 1100-01 (citing *Lussier*, 104 F.3d at 36).  Chadha's self-reported history of compliance with the terms of his supervised release, though commendable, is expected from a person on supervision and does not constitute exceptional behavior that would warrant early termination of supervised release.  *See United States v. Bauer*, CR 09-980 EJD, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, CR 04-40127 DLJ, 2011 WL 704364 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Accordingly, Chadha's motion for early termination of supervised release is DENIED.  There shall be no modification to the terms or conditions of supervised release.

**IT IS SO ORDERED.**

Dated: April 2, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

   v.

CHADHA,

        Defendant.

Case No.  12-cr-00182-PJH-1

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Balvinder Chadha
25800 Industrial Blvd., Apt #T1151
Hayward, CA 94545

Dated: April 2, 2018

Susan Y. Soong
Clerk, United States District Court

By:___*Kelly Collins*_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

4